1  DONALD F. ZIMMER, JR. (State Bar No. 112279)
2  KRISTA L. COSNER (State Bar No. 213338)
   DRINKER BIDDLE & REATH LLP
3  50 Fremont Street, 20th Floor
   San Francisco, California 94105
4  Telephone: (415) 591-7500
   Facsimile: (415) 591-7510

5  Attorneys for Defendants
6  SMITHKLINE BEECHAM CORPORATION d/b/a
   GLAXOSMITHKLINE and McKESSON
7  CORPORATION

8                 UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11 RICHARD BOWLES, SAMUEL              Case No.
12 CANTEY, LUTHER CAULDER,
   JERLEAN CONWAY, ROBERT COX,        NOTICE OF REMOVAL AND
13 HAROLD DUREN, ROGER INGRAM,        REMOVAL ACTION UNDER 28 U.S.C.
   ANN MCGARY, ALAN ORLOMOSKI,        § 1441(B) (DIVERSITY) and 28 U.S.C. §
14 INEZ ORTIZ, MARLINE RANDALL,       1441(C) (FEDERAL QUESTION) OF
   BETTY WITHROW                      DEFENDANT SMITHKLINE
15                                     BEECHAM CORPORATION d/b/a
                                       GLAXOSMITHKLINE
16              Plaintiffs,

17       v.

18 SMITHKLINE BEECHAM
   CORPORATION d/b/a
19 GLAXOSMITHKLINE and McKESSON
   CORPORATION,
20
                Defendants.
21

22 TO THE CLERK OF THE COURT:

23       Defendant SMITHKLINE BEECHAM CORPORATION d/b/a

24 GLAXOSMITHKLINE ("GSK"), hereby removes to this court, the state action described

25 below.  Removal is warranted under 28 U.S.C. § 1441 because this is an action over

26 which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1332.

27 I.    BACKGROUND

28       1.    On November 8, 2007, Plaintiffs RICHARD BOWLES, SAMUEL

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1  CANTEY, LUTHER CAULDER, JERLEAN CONWAY, ROBERT COX, HAROLD

2  DUREN, ROGER INGRAM, ANN MCGARY, ALAN ORLOMOSKI, INEZ ORTIZ,

3  MARLINE RANDALL and BETTY WITHROW ("Plaintiffs"), represented by The

4  Miller Firm of Orange, Virginia, commenced this action in the Superior Court of the

5  State of California for the County of San Francisco. A true and correct copy of the

6  Complaint in the action is attached as Exhibit "A " to the Declaration of Krista L. Cosner

7  in Support of Notice of Removal and Removal Action under 28 U.S.C. § 1441(b) and 28

8  U.S.C. § 1441(c) (Federal Question) of Defendant SmithKline Beecham Corporation

9  d/b/a GlaxoSmithKline (hereinafter "Cosner Decl.").

10       2.      Defendants filed their answer to Plaintiffs' Complaint on December 12,

11  2007. *See* Cosner Decl. Exh. B. There have been no additional proceedings in the state

12  court action. Cosner Decl. ¶ 3.

13       3.      This is one of many cases that have been filed recently in both federal and

14  state court across the country involving the prescription drug Avandia®. Cosner Decl. ¶

15  6. Plaintiffs' counsel, The Miller Firm, has filed Avandia cases in both state and federal

16  courts, but only in the cases filed in California has The Miller Firm named McKesson, or

17  any distributor, as a defendant. Cosner Decl. ¶ 7.

18       4.      On October 16, 2007, the Judicial Panel on Multidistrict Litigation

19  ("JPML") issued an order directing that then-pending Avandia-related cases be

20  transferred and coordinated for pretrial proceedings in the United States District Court for

21  the Eastern District of Pennsylvania, before the Honorable Cynthia M. Rufe, pursuant to

22  28 U.S.C. § 1407. *See* Transfer Order, *In re Avandia Marketing, Sales Practices and*

23  *Products Liability Litigation*, MDL 1871 (E.D.P.A.) (a true and correct copy of which is

24  attached as Exhibit "C" to Cosner Decl.). Additional Avandia-related cases pending in

25  federal court, which are common to the actions previously transferred to the Eastern

26  District of Pennsylvania and assigned to Judge Rufe, are treated as potential tag-along

27  actions. *See id.*; *see also* Rules 7.4 and 7.5, R.P.J.P.M.L. 199 F.R.D. 425, 435-36 (2001).

28  GSK intends to seek the transfer of this action to that Multidistrict Litigation, *In re*

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

2

1  *Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871, and
2  shortly will provide the JPML with notice of this action pursuant to the procedure for
3  "tag along" actions set forth in the rules of the JPML. Cosner Decl. ¶ 8.

4      5.      As more fully set forth below, this case is properly removed to this Court
5  pursuant to 28 U.S.C. § 1441 because GSK has satisfied the procedural requirements for
6  removal and this Court has subject matter jurisdiction over this action pursuant to 28
7  U.S.C. §§ 1331 and 1332.

8  **II.    DIVERSITY JURISDICTION**
9      6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332
10  because this is a civil action in which the amount in controversy exceeds the sum of
11  $75,000, exclusive of costs and interest, and is between citizens of different states.

12      **A.    Diversity Of Citizenship**
13      7.      The Complaint names twelve individual plaintiffs. *See* Cosner Decl., Exh.
14  A, ¶¶ 10-21:

15          a.      Plaintiff Richard Bowles alleges that he is a "resident" of the State
16  of Kentucky. Accordingly, at the time this action was commenced, he was a citizen of
17  the State of Kentucky. *Id.* at ¶ 10.

18          b.      Plaintiff Samuel Cantey alleges that he is a "resident" of the State of
19  South Carolina. Accordingly, at the time this action was commenced, he was a citizen of
20  the State of South Carolina. *Id.* at ¶ 11.

21          c.      Plaintiff Luther Caulder alleges that he is a "resident" of the State of
22  North Carolina. Accordingly, at the time this action was commenced, he was a citizen of
23  the State of North Carolina. *Id.* at ¶ 12.

24          d.      Plaintiff Jerlean Conway alleges that she is a "resident" of the State
25  of Louisiana. Accordingly, at the time this action was commenced, she was a citizen of
26  the State of Louisiana. *Id.* at ¶ 13.

27          e.      Plaintiff Robert Cox alleges that he is a "resident" of the State of
28  Illinois. Accordingly, at the time this action was commenced, he was a citizen of the

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

3

1    State of Illinois. *Id.* at ¶ 14.

2         f.    Plaintiff Harold Duren alleges that he is a "resident" of the State of

3    Georgia. Accordingly, at the time this action was commenced, he was a citizen of the

4    State of Georgia. *Id.* at ¶ 15.

5         g.    Plaintiff Robert Ingram alleges that he is a "resident" of the State of

6    Connecticut. Accordingly, at the time this action was commenced, he was a citizen of the

7    State of Connecticut. *Id.* at ¶ 16.

8         h.    Plaintiff Ann McGary alleges that she is a "resident" of the State of

9    California. Accordingly, at the time this action was commenced, she was a citizen of the

10   State of California. *Id.* at ¶ 17.

11        i.    Plaintiff Alan Orlomoski alleges that he is a "resident" of the State

12   of Connecticut. Accordingly, at the time this action was commenced, he was a citizen of

13   the State of Connecticut. *Id.* at ¶ 18.

14        j.    Plaintiff Inez Ortiz alleges that she is a "resident" of the State of

15   Utah. Accordingly, at the time this action was commenced, she was a citizen of the State

16   of Utah. *Id.* at ¶ 19.

17        k.    Plaintiff Marline Randall alleges that she is a "resident" of the State

18   of New Jersey. Accordingly, at the time this action was commenced, she was a citizen of

19   the State of New Jersey. *Id.* at ¶ 20.

20        l.    Plaintiff Betty Withrow alleges that she is a "resident" of the State of

21   Tennessee. Accordingly, at the time this action was commenced, she was a citizen of the

22   State of Tennessee. *Id.* at ¶ 21.

23   8.    GSK is, and was at the time Plaintiffs commenced this action, a corporation

24   organized under the laws of the Commonwealth of Pennsylvania with its principal place

25   of business in Philadelphia, Pennsylvania, and therefore, is a citizen of Pennsylvania for

26   purposes of determining diversity. 28 U.S.C. § 1332(c)(1). Cosner Decl. ¶ 9.

27   9.    As explained in detail below, the remaining named defendant – McKesson,

28   a Delaware corporation, with its principal place of business in San Francisco, California –

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

4

1   is fraudulently joined in this lawsuit and its citizenship must be ignored for the purpose of

2   determining the propriety of removal.[1] *See McCabe v. General Foods*, 811 F.2d 1336,

3   1339 (9th Cir. 1987). Accordingly, there is complete diversity of citizenship and the

4   forum defendant rule is not implicated in this case.

5            **B.    The Amount In Controversy Requirement Is Satisfied**

6            10.    It is apparent on the face of the Complaint that Plaintiffs seek an amount in

7   controversy in excess of $75,000, exclusive of costs and interest.

8            11.    Plaintiffs allege that, as a result of their Avandia use, they "have suffered

9   heart injury, excessive fluid retention, fluid-overload disease, liver damage, liver failure,

10  stroke and severe injury to the heart leading to cardiac arrest," and have sustained,

11  "physical and financial damages including pain and suffering." *See* Cosner Dec. Exh. A,

12  44:18-20. They further allege severe and permanent physical injuries. *See id. at* 61:20.

13           12.    Plaintiffs claim to have "suffered extensive monetary and pecuniary losses

14  and other compensatory damages," and to have "incurred and paid out necessary medical,

15  hospital, and concomitant expenses," which they allege will continue into the future. *See*

16  Cosner Decl. Exh. A, 52:2-4, 61:22-23.

17           13.    Plaintiffs seek actual, punitive and exemplary damages. *See* Cosner Decl.

18  Exh. A, 53:8, 61:3-4.

19           14.    Punitive damages are included in the calculation of the amount in

20  controversy. *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943).

21           15.    Given the allegations set forth above, the face of the Complaint makes clear

22  that Plaintiffs seek in excess of $75,000, exclusive of interest and costs. *See Simmons v.*

23  *PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

24

25

26           [1] Moving defendant notes that the citizenship of the California plaintiff is not diverse from that of
27  McKesson. However, as set forth, the citizenship of McKesson must be ignored because McKesson has
    been fraudulently joined as a defendant. Proper ignorance of McKesson's citizenship renders the
28  California plaintiff diverse.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\393072\1          NOTICE OF REMOVAL AND REMOVAL                                    CASE NO.

**C.**    **The Citizenship Of McKesson Must Be Ignored Because McKesson Is Fraudulently Joined**

16.    A defendant is fraudulently joined, and its presence in the lawsuit is ignored for purposes of determining diversity, "if the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *see also Hamilton Materials, Inc. v. Dow Chemical Corporation*, ____ F.3d. ___, (9th Cir. 2007), 2007 WL 2080179 at *1 (9th Cir. 2007).

17.    McKesson is fraudulently joined because Plaintiffs have failed to make any material allegations against it. *See Brown v. Allstate Insur.*, 17 F. Supp. 2d 1134, 1137 (S.D. Cal. 1998) (finding in-state defendants fraudulently joined where "no material allegations against [the in-state defendants] are made"). Plaintiffs specifically allege that Avandia was created and marketed by GSK; that GSK had longstanding knowledge of Avandia-related dangers which GSK failed to adequately warn and disclose to consumers; that GSK concealed, suppressed and failed to disclose these referenced dangers; that GSK has represented and has continued to represent that it manufactures and/or sells safe and dependable pharmaceuticals; that GSK has failed to adequately warn or inform consumers, such as Plaintiffs or Plaintiffs' prescribing physicians of known defects in Avandia; and that as a result of GSK's omissions and/or misrepresentations, Plaintiffs ingested Avandia. *See* Cosner Decl. Exh. A, at ¶¶ 32:14, 36:20-22, 37:5-6, 38:9-10, 43:12-13, 44:17-18.

18.    Plaintiffs fail to make any specific material assertions against McKesson, and do not allege that they ingested Avandia that was distributed by McKesson, compelling the conclusion that Plaintiffs have fraudulently joined McKesson in an attempt to defeat diversity jurisdiction. *See e.g., Lyons v. American Tobacco Co.*, No. Civ. A. 96-0881-BH-S, 1997 U.S. Dist. LEXIS 18365 (S.D. Ala. 1997) (holding that there is "no better admission of fraudulent joinder of [the resident defendant]" than the failure of the plaintiff "to set forth any specific factual allegations" against them).

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\393072\1    NOTICE OF REMOVAL AND REMOVAL    CASE NO.

1    Plaintiffs cannot cure this deficiency by simply relying on allegations directed toward

2    "Defendants" or GSK alone.

3        19.    In the body of the Complaint, Plaintiffs assert claims of: (1) negligence; (2)

4    negligent failure to adequately warn; (3) negligence per se; (4) negligent

5    misrepresentation; (5) breach of express warranty; (6) breach of implied warranty; (7)

6    strict products liability – defective design; (8) strict products liability – manufacturing

7    and design defect; (9) strict products liability – failure to adequately warn; (10)

8    fraudulent misrepresentation; (11) violations of California Unfair Trade Practices and

9    Consumer Protection Law; (12) unjust enrichment; and (13) punitive damages.  In these

10   allegations, Plaintiffs aver that collectively, "Defendants" or "Defendants GSK and

11   McKesson," defectively designed and manufactured the product; concealed knowledge of

12   unreasonably dangerous risks associated with the product; failed to conduct adequate and

13   sufficient pre-clinical testing and post-marketing surveillance of the product; failed to

14   provide FDA with complete and adequate information regarding the product; failed to

15   warn consumers and/or their health care providers of certain risks associated with the

16   product; failed to utilize adequate and non-misleading labeling; and made affirmative

17   misrepresentations and omissions regarding the risks associated with taking Avandia.  All

18   of these claims are substantively based on the design and manufacture of the product,

19   failure to warn, fraudulent concealment, and inadequate pre-clinical testing and post-

20   marketing surveillance.  As a wholesale distributor of Avandia, McKesson played no role

21   in its testing, marketing or advertising.  All McKesson did was pass along unopened

22   boxes of Avandia, in unadulterated form, to hospitals and other businesses in the

23   healthcare industry.  *See* Cosner Decl. Exh. D, ¶¶ 6-7.[2]

24

25       [2] The Declaration of McKesson's representative, Greg Yonko, may be considered by the Court in
determining whether McKesson is fraudulently joined.  *Maffei v. Allstate California Ins. Co.*, 412

26   F.Supp.2d 1049 (E.D. Cal. 2006) ("[t]he court may pierce the pleadings, consider the entire record, and
determine the basis of joinder by any means available") *citing Lewis v. Time, Inc.*, 83 F.R.D. 455 (E.D.

27   Cal. 1979) ("it is well settled that upon allegations of fraudulent joinder…federal courts may look beyond
the pleadings to determine if the joinder…is a sham or fraudulent device to prevent removal").  *See also*

28   *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998) (evidence may be presented by the
(continued...)

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\393072\1    NOTICE OF REMOVAL AND REMOVAL                                          CASE NO.

20.    Further, based on the "learned intermediary" doctrine, McKesson bore no duty to warn Plaintiffs. The "learned intermediary" doctrine, the foundation of prescription drug product liability law, provides that the duty to warn about a drug's risks runs from the manufacturer to the physician (the "learned intermediary"), and then from the physician to the patient. *See Brown v. Superior Court (Abbott Labs.)*, 44 Cal. 3d 1049, 1061-62, n.9 (1988); *Carlin v. Superior Court (Upjohn Co.)*, 13 Cal. 4th 1104, 1116 (1996). It is the physician, and only the physician, who is charged with prescribing the appropriate drug and communicating the relevant risks to the patient. *See Brown*, 44 Cal. 3d at 1061-62.

21.    GSK and the FDA prepared the information to be included with the prescription drug, Avandia, with the FDA having final approval of the information that could be presented. Once the FDA has determined the form and content of the information, it is a violation of federal law to augment the information. *See* 21 U.S.C. §331(k) (prohibiting drug manufacturers and distributors from causing the "alteration, mutilation, destruction, obliteration, or removal of the whole or any part of the labeling" of an FDA-approved drug held for sale); *Brown v. Superior Court*, 44 Cal.3d 1049, 1069 n.12 (noting that the FDA regulates the testing, manufacturing, and marketing of drugs, including the content of their warning labels). Therefore, any safety and warning information McKesson had about Avandia would have come from GSK in the form of FDA-approved packaging and labeling. McKesson could not change the labeling it was given by GSK as approved by the FDA without violating federal law. No duty can be found where it requires a party to violate the law to fulfill it.

22.    As such, given the lack of a causal connection between the injuries alleged by Plaintiffs and McKesson's conduct, as well as the absence of any legal or factual basis for Plaintiffs' claims against McKesson, McKesson's joinder is fraudulent and its

(continued...)

removing party that there is no factual basis for the claims pleaded against the local defendant).

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1   citizenship should be ignored for purposes of determining the propriety of removal.

2   **III.    FEDERAL QUESTION JURISDICTION**

3          23.    This Court has federal question jurisdiction over Plaintiffs' claims under

4   28 U.S.C. § 1331 and the principles set forth in *Grable & Sons Metal Prods., Inc. v.*

5   *Darue Eng'g & Mfg.*, 125 S. Ct. 2363 (2005).

6          24.    As more fully explained below, Plaintiffs have made violations of federal

7   law critical elements of several of their claims.

8          **A.    Plaintiffs' Claims Require Construction and Application of the FDCA**
           **and Its Implementing Regulations**
9

10         25.    Count III of Plaintiffs' Complaint, "Negligence Per Se," explicitly alleges

11  that defendants violated federal law.  Plaintiffs claim, *inter alia,* that "[d]efendants

12  "violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. Section 301 *et seq.,*

13  related amendments and codes and federal regulations provided thereunder, and other

14  applicable laws, statutes, and regulations." *See* Cosner Decl. Exh A, ¶ 65.

15         26.    Plaintiffs further claim that "[d]efendants' acts constituted an adulteration

16  and/or misunderstanding *[sic]* as defined by the Federal Food, Drug and Cosmetic Act,

17  21 U.S.C. § 331. . . ." *See* Cosner Decl. Exh A, ¶ 67.

18         27.    Moreover, Count II of the Plaintiffs' Complaint, "Negligent Failure to

19  Adequately Warn," and Count IX, "Strict Products Liability – Failure to Adequately

20  Warn," also require construction and application of the FDCA and implementing federal

21  regulations, which govern approval of prescription drugs and regulate prescription drug

22  manufacturers' public and promotional statements, including all aspects of warnings and

23  labeling.

24         28.    As a currently-marketed prescription drug, Avandia is subject to extensive

25  regulation by the FDA.  The FDCA requires the FDA to ensure that "drugs are safe and

26  effective" for their intended uses, 21 U.S.C. § 393(b)(2)(B), in part by "promptly and

27  officially reviewing clinical research and taking appropriate action on the marketing of

28  regulated products." 21 U.S.C. § 393(b)(1).  The Secretary of the FDA has the authority

1  to promulgate regulations to enforce the FDCA, which are codified in the *Code of*

2  *Federal Regulations*, 21 C.F.R. § 200, *et seq. See* 21 U.S.C. § 371(a).

3      29.    To accomplish its purpose, the FDA maintains a Center for Drug

4  Evaluation and Research (the "CDER"). The CDER regulates pharmaceutical

5  companies' development, testing and research, and manufacture of drugs. The CDER

6  examines data generated by these companies to conduct a risk/benefit analysis and make

7  an approval decision. The CDER also ensures truthful advertising for prescription drugs,

8  in part by approving Package Inserts that properly outline benefit and risk information.

9  Once drugs are marketed, the CDER continues to monitor them for unexpected health

10  risks that may require public notification, a change in labeling, or removal of the product

11  from the market. In short, the CDER evaluates and monitors the effectiveness and safety

12  of prescription drugs. *See* http://www.fda.gov/cder/about/faq/default.htm.

13      30.    Promotional communications to physicians about Avandia are contained

14  within, and restricted by, warning, labeling, and promotional materials, such as the

15  Package Insert, that are approved and monitored by the FDA to ensure the provision of

16  accurate information about the drug's respective risks and benefits. Under federal

17  regulations, even claims in promotional labeling or advertising must be consistent with

18  approved labeling. 21 C.F.R. § 202.1(e)(4) (2005).

19      31.    The FDA's responsibility to regulate prescription drugs sold in the United

20  States, and to enforce laws with respect to such drugs, inclusive of the precise content

21  and format of prescription drug labeling (*e.g.*, the instructions, warning, precautions,

22  adverse reaction information provided by manufacturers, and marketing materials), is

23  plenary and exclusive. *See* 21 U.S.C. § 301, *et seq.*

24      32.    Plaintiffs have explicitly alleged violations of federal law in their

25  "Negligence Per Se" claim, and have made alleged violations of federal law a critical

26  element of their "Negligent Failure to Adequately Warn" and "Strict Products Liability –

27  Failure to Adequately Warn" claims. Accordingly, Plaintiffs' claims necessarily raise

28  substantial federal questions by requiring the Court to construe and apply the FDCA and

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

10

SF1\393072\1    NOTICE OF REMOVAL AND REMOVAL    CASE NO.

its implementing regulations.

**B.    Federal Control of Drug Labeling and Warning**

33.    On January 24, 2006, the FDA announced a rule that includes a detailed and emphatic statement of the FDA's intention that its regulation and approval of prescription drug labeling preempt most state law claims related to the adequacy of prescription drug warnings because such claims frustrate "the full objectives of the Federal law." *See* Requirements on Content and Format of Labeling for Human Prescription Drug and Biologic Products, 71 Fed. Reg. 3922, 3934 (Jan. 24, 2006) ("FDA believes that under existing preemption principles, FDA approval of labeling under the act. . . . preempts conflicting or contrary State law."). *See also In re Bextra and Celebrex Marketing,* 2006 WL 2374742 (N.D. Cal., August 16, 2006) (Celebrex decision); *In re Bextra and Celebrex Marketing,* 2006 WL 2472484 (N.D. Cal., August 24, 2006) (Bextra decision).

34.    Plaintiffs allege that GSK failed to disclose certain risks of Avandia. *See e.g.,* Cosner Decl. Exh. A, ¶ 36:21-2. This allegation necessarily requires Plaintiffs to establish that the FDA, which has exclusive jurisdiction over the labeling of drugs, would have approved the warning the Plaintiffs allege should have been given.

35.    Accordingly, there is a substantial federal question with respect to whether Plaintiffs can claim that GSK violated state law in light of the FDA's control of Avandia's labeling and warning and its position on conflict preemption.

**C.    The Federal Interest In Providing A Forum**

36.    The federal government has a strong interest in having a federal court decide several of the issues in this case. Among these issues are:

      a.    whether any conduct of GSK violated any federal laws or regulations related to the labeling and marketing of Avandia; and

      b.    whether the FDA-approved Avandia label was false and misleading, as alleged by Plaintiff, and whether a state may impose liability on GSK for not providing more information regarding certain risks, as

1    Plaintiff contends GSK should have done.

2    37.    Plaintiffs' claims may be vindicated or defeated only by construction of

3    federal statutes and regulations.  The availability of a federal forum to protect the

4    important federal interests at issue is therefore consistent with *Grable*, and determination

5    by a federal court of the substantial and disputed federal issues that lie at the heart of this

6    case would not "disturb any congressionally approved balance of federal and state

7    judicial responsibilities." *Grable*, 125 S. Ct. at 2368.

8    **IV.    CONFORMANCE WITH PROCEDURAL REQUIREMENTS**

9    38.    This Court has jurisdiction over this matter based on federal question and

10    diversity of citizenship, and the present lawsuit may be removed from the Superior Court

11    of the State of California for the County of San Francisco, and brought before the United

12    States District Court for the Northern District of California pursuant to 28 U.S.C. §§

13    1331, 1332 and 1441.

14    39.    Defendant GSK has not yet been served with Plaintiffs' Complaint.  Cosner

15    Decl. ¶ 10.  Defendant McKesson was served with Plaintiffs' Complaint on November

16    14, 2007.  *See* Cosner Decl. Exh. D, ¶ 4.  Therefore, this Removal has been timely filed

17    within 30 days of service, pursuant to 28 U.S.C. § 1446(b).

18    40.    All of the properly joined and served defendants consent to this removal.

19    Although McKesson's consent to remove is not necessary because it is fraudulently

20    joined, McKesson nonetheless consents to removal.  *See* Cosner Decl. Exh. D, ¶ 5.  *See*

21    *also, e.g. Easley v. 3M Company, et al.*, 2007 WL 2888335 (N.D. Cal. 2007) *citing*

22    *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

23    41.    The United States District Court for the Northern District of California is

24    the federal judicial district encompassing the Superior Court of the State of California for

25    the County of San Francisco, where this suit was originally filed.  Venue therefore is

26    proper in this district under 28 U.S.C. § 1441(a).

27    42.    Pursuant to the provisions of 28 U.S.C §1 446(d), GSK will promptly file a

28    copy of this Notice of Removal with the clerk of the Superior Court of the State of

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

12

1    California for the County of San Francisco, where this suit was originally filed.

2        43.    Defendant reserves the right to amend or supplement this Notice of

3    Removal.

4        **WHEREFORE**, GSK respectfully removes this action from the Superior Court of

5    the State of California for the County of San Francisco to the United States District Court

6    for the Northern District of California, pursuant to 28 U.S.C. § 1441.

7

8    Dated: December 13, 2007                     DRINKER BIDDLE & REATH LLP

9                                                 [signature]

10                                               DONALD F. ZIMMER, JR.
                                                 KRISTA L. COSNER

11                                               Attorneys for Defendants
12                                               SMITHKLINE BEECHAM
                                                 CORPORATION d/b/a
13                                               GLAXOSMITHKLINE and McKESSON
                                                 CORPORATION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\393072\1

13

NOTICE OF REMOVAL AND REMOVAL                                    CASE NO.