1  DONALD F. ZIMMER, JR. (State Bar No. 112279)
   KRISTA L. COSNER (State Bar No. 213338)
2  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
3  San Francisco, California  94105
   Telephone: (415) 591-7500
4  Facsimile: (415) 591-7510

5  Attorneys for Defendants
   SMITHKLINE BEECHAM CORPORATION d/b/a
6  GLAXOSMITHKLINE and McKESSON
   CORPORATION

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

| | |
|---|---|
| 11  RICHARD BOWLES, SAMUEL CANTEY, LUTHER CAULDER, JERLEAN CONWAY, ROBERT COX, HAROLD DUREN, ROGER INGRAM, ANN McGARY, ALAN ORLOMOSKI, INEZ ORTIZ, MARLINE RANDALL, BETTY WITHROW | Case No. CV-07-6328 JCS  (Pending Ruling on Motion to Relate Cases)  **NOTICE OF MOTION AND MOTION BY DEFENDANT SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION TO MDL 1871 (E.D.PA)** |

Plaintiffs,

v.

SMITHKLINE BEECHAM
CORPORATION d/b/a
GLAXOSMITHKLINE and McKESSON
CORPORATION,

Defendants.

**DATE:          January 18, 2008**
**TIME:          9:30 a.m.**
**COURTROOM:  A**
**JUDGE:        Mag. Joseph C. Spero**

21  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

22      1)    PLEASE TAKE NOTICE that on January 18, 2008 at 9:30 a.m., in

23  Courtroom A of the above-entitled courthouse, located at 450 Golden Gate Avenue, San

24  Francisco, California, 94102, or as soon thereafter as the matter may be heard, defendants

25  SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE ("GSK"),

26  hereby moves this Court to enter an Order staying: (a) all pretrial activity in this case,

27  including any remand motions; (b) the period for initial disclosures pursuant to Rule 26

28

1   of the Federal Rules of Civil Procedure; and (c) all other discovery and pretrial deadlines,

2   pending transfer of this case by the Judicial Panel on Multidistrict Litigation, pursuant to

3   28 U.S.C. § 1407(a), of the resulting action against GSK to *In re Avandia Products*

4   *Liability Litigation*, MDL No. 1871, pending before the Honorable Cynthia M. Rufe in

5   the United States District Court for the Eastern District of Pennsylvania.

6       2)    Staying all proceedings in this action is proper to conserve the Court's and

7   the parties' resources, avoid duplicative litigation and prevent inconsistent rulings on

8   issues that will arise repeatedly in Avandia cases.  This motion is based on this notice,

9   motion and supporting papers, including points and authorities, declarations, the evidence

10  in support of the motion, and all associated papers, the complete files and records of this

11  action, and such other and further arguments as may be adduced at the hearing.

12  **POINTS AND AUTHORITIES IN SUPPORT OF GSK'S MOTION TO STAY**

13  **I.    INTRODUCTION**

14      This action involves allegations about Avandia, a pharmaceutical product

15  manufactured by Defendant SMITHKLINE BEECHAM CORPORATION d/b/a

16  GLAXOSMITHKLINE ("GSK"), and is similar to cases that have been and will be

17  transferred to the Avandia MDL pending before Judge Cynthia M. Rufe in the Eastern

18  District of Pennsylvania.  Accordingly, GSK has requested that the Judicial Panel on

19  Multidistrict Litigation ("JPML") transfer this case to the Avandia MDL, pursuant to 28

20  U.S.C. § 1407(a) and past practice.

21      While transfer to the Avandia MDL is pending, this Court should stay all

22  proceedings in this action to conserve the Court's and parties' resources, avoid

23  duplicative litigation and prevent inconsistent rulings on issues that will arise repeatedly

24  in Avandia actions.

25  **A.    In Re Avandia Products Liability Litigation, MDL No. 1871**

26      On October 16, 2007, pursuant to 28 U.S.C. § 1407, the Judicial Panel on

27  Multidistrict Litigation ("JPML") transferred the first actions  to the Eastern District of

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

SF1\393081\1    NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEEDINGS    CASE NO. CV-07-6328 JCS

1   Pennsylvania for coordinated or consolidated pretrial proceedings before the Honorable

2   Cynthia M. Rufe. *See* Transfer Order, *In re Avandia Marketing, Sales Practices and*

3   *Products Liability Litigation*, MDL 1871 (E.D.P.A.) (hereafter, "Avandia Transfer

4   Order") attached as Exhibit "A" to Cosner Decl. In the Avandia Transfer Order, the

5   JPML held:

> [W]e find that these actions involve common questions of
> fact, and that centralization under Section 1407 in the Eastern
> District of Pennsylvania will serve the convenience of the
> parties and witnesses and promote the just and efficient
> conduct of the litigation.

10  *Id.* at 2.

11      The Avandia MDL is composed entirely of cases, like the instant case, seeking

12  damages for injuries allegedly caused by Avandia. Thirty four cases have been filed in or

13  already transferred to the MDL. The transfers of another 31 actions are currently

14  pending.

15      **B.    This Action**

16      Plaintiffs, Richard Bowles, Samuel Cantey, Luther Caulder, Jerlean Conway,

17  Robert Cox, Harold Duren, Roger Ingram, Ann McGary, Alan Orlomoski, Inez Ortiz,

18  Marline Randall and Betty Withrow, through their counsel, The Miller Firm of Orange,

19  Virginia, commenced this action in the Superior Court of the State of California for the

20  County of San Francisco on November 8, 2007. GSK has not yet been served with the

21  Complaint, however defendant McKesson Corporation was served with the Complaint on

22  November 14, 2007. On December 13, 2007, GSK removed this action to this court,

23  based on diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction

24  under 28 U.S.C. § 1331 and the principles set forth in *Grable & Sons Metal Prods., Inc.*

25  *v. Darue Eng'g & Mfg*, 125 S.Ct. 2363 (2005). *See* Notice of Removal (filed December

26  13, 2007).

27      Plaintiffs' claims against GSK in this case turn on complex questions similar to

28  those raised by the other cases pending in, or awaiting transfer to, the Avandia MDL.

1    These common questions include: (i) whether the product caused or substantially

2    contributed to the development of the risk of heart attack or related conditions; and (ii)

3    whether GSK knew that Avandia allegedly caused or substantially contributed to

4    increased risk of heart attack or related conditions, and failed to warn the medical

5    community.  Accordingly, as noted above, GSK has filed a Notice of Potential Tag-

6    Along Actions seeking transfer of this case to the Avandia MDL.

## II.    ARGUMENT

8        Federal courts have inherent power to control their dockets by staying

9    proceedings.  *See Bogard v. Merck & Co., Inc.,* 2007 U.S. Dist. LEXIS 12343 *1 (N.D.

10    Cal. February 7, 2007), *citing Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936) (the

11    power to stay "is incidental to the power inherent in every court to control the disposition

12    of the causes on its docket with economy of time and effort for itself, for counsel, and for

13    litigants").  *See also Surefoot L.C. v. Sure Foot Corp.*, 2007 WL 1412931, *4 (D. Utah

14    2007) ("The granting of a stay ordinarily lies within the discretion of the district court")

15    (quoting *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) and granting stay

16    while leaving "the issue of subject matter jurisdiction unresolved").   Such discretion

17    promotes "economy of time and effort for [the Court], for counsel, and for litigants" *Id.*

18    Accordingly, "[a] trial court may, with propriety, find it is efficient for its own docket and

19    the fairest course for the parties to enter a stay of an action before it, pending resolution

20    of independent proceedings which bear upon the case." *Bogard,* 2007 U.S. Dist. LEXIS

21    12343 at *2 -*3, citing *Leyva v. Certified Grocers of California, Ltd.,* 593 F.2d 857, 863

22    (9th Cir. 1979).

23        In exercising its discretion, "the Court must weigh competing interests and

24    consider the effects of the stay on the Court's docket, on counsel, and on the litigants."

25    *Surefoot*, 2007 WL 1412931 at *4.  Courts often analyze three factors when deciding

26    whether to issue a stay of proceedings pending a decision by the Panel on transfer:  (1)

27    the judicial resources that would be saved by avoiding duplicative litigation if the cases

28    are in fact coordinated; (2) hardship and inequity to the moving party if the action is not

stayed; and (3) potential prejudice to the non-moving party. *See Leeson v. Merck & Co., Inc. et al.*, 2006 U.S. Dist. LEXIS 3096, *13, (E.D. Cal. 2006) citing *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360-62 (C.D. Cal. 1997); *see also Landis, 299 U.S. at 254-55; CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In this case, all three factors favor a stay.

### A.    A Stay Will Further Judicial Economy and Avoid Duplicative Litigation

#### 1.    Potential for Inconsistent Rulings

As the JPML explained when it created the Avandia MDL, "Centralization under Section 1407 will eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary." Avandia Transfer Order, at 2. Absent a stay, this Court may be called upon to render decisions on any number of issues, both procedural and substantive. Consistent with the JPML's findings, a stay of proceedings by this Court will further the goals of conserving judicial resources and ensuring that these decisions are uniform across the body of pending Avandia cases *See In re Plumbing Fixture Cases*, 298 F. Supp. 484, 491-92 (J.P.M.L. 1968).

Although federal jurisdictional questions are far from the only issues that benefit from consistent treatment by an MDL transferee court, many courts have held that the ability of an MDL transferee court to develop expertise and a consistent body of case law on complex jurisdictional issues in related litigation furthers the goals of consistency and judicial economy that go to the heart of whether a stay should be issued. *See Nielsen v. Merck and Co.,* 2007 WL 806510, *2 (N.D. Cal. 2007) ("[A]bsent a stay, there would be a significant risk of inconsistent rulings given the number of cases already in the MDL that raise the same jurisdictional question[,] . . . and [defendant] would suffer prejudice from being forced to litigate the same jurisdictional issues in multiple forums"). Accordingly, "[t]he 'general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the JPML has transferred the case to the MDL panel.'" *North v. Merck & Co., Inc.*, 2005 WL 2921638, *1 (W.D.N.Y. 2005) (quoting

1  *Jackson v. Johnson & Johnson, Inc.*, 2001 WL 34048067 (W.D. Tenn. 2001)).  *See also*

2  *Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1360-61 (C.D. Cal. 1997) (deference to the

3  MDL court for resolution of a motion to remand provides the opportunity for the

4  uniformity, consistency, and predictability in litigation that underlies the MDL system);

5  28 U.S.C. § 1407.[1]

6         Here, a stay is appropriate because any remand motion that the Plaintiffs may

7  bring will involve issues, including the fraudulent joinder of McKesson to destroy

8

9       [1] The propriety of a stay to allow an MDL transferee court to address federal jurisdictional issues is common to California's United States District Courts as well as District Courts throughout the country. *See, e.g., English v. Merck & Co.*, 2007 WL 516383, *1 (E.D. Cal. 2007) ("Given the number of cases that present this exact jurisdictional question and the growing number of cases being transferred to the MDL proceedings, this court, like several other district courts, finds that the interest of judicial economy favors staying this action pending its transfer to the MDL proceeding"); *Leeson v. Merck & Co., Inc. et al.*, 2006 U.S. Dist. LEXIS 3096 at *7-8 (quoting *Conroy v. Fresh Del Monte Produce, Inc.,* 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004) (in the MDL context, "if the jurisdictional issue appears factually or legally difficult, the court should determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding,... and if answered in the affirmative, the court should consider staying the action"); *Stempien v. Eli Lilly and Co. et al.*, 2006 U.S. Dist. LEXIS 28404, *4 (N.D. Cal. May 4, 2006) (this is not a case where the jurisdictional issue is unlikely to be raised in other cases that may be transferred to the MDL, therefore the interests in promoting uniformity and consistency counsel in favor of a stay); *Johnson v. Merck & Co.*, 2005 U.S. Dist. LEXIS 40707, No. 05-02881, slip op. at 2 (N.D. Cal. Oct. 3, 2005) (granting defendant's motion to stay where there were 25 cases involving the same fraudulent joinder argument already pending before the MDL judge); *Love v. Merck & Co.*, 2005 U.S. Dist. LEXIS 917, No. 05-2140 (E.D. Cal. filed Oct. 24, 2005) (naming McKesson as a defendant; case transferred before a motion to remand was filed); *Lagden v. Merck & Co.*, No. 05-0656 (E.D. Cal. filed Apr. 4, 2005) (same).  *See also e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990) (denying mandamus petition to direct JPML panel to vacate transfer order that was issued despite pending jurisdictional objections in transferor court and noting that "[o]nce transferred, the jurisdictional objections can be heard and resolved by a single court.... Consistency as well as economy is thus served."); *Johnson v. Eli Lilly and Co., Inc & Dr. J. Colvin*, No. 4:05-cv-02139-ERW (E.D. Mo. Feb. 27, 2006) (holding that a stay "will allow for consistent pretrial rulings and will conserve judicial resources because only one court will need to make such rulings ... with regard to the parties' jurisdictional dispute"); *Board of Trustees of the Teachers' Retirement Sys. of the State of Illinois v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 902 (N.D. Ill. 2002) ("the better reasoned view is that a court may stay proceedings even where subject matter jurisdiction is uncertain."); *Moore v. Wyeth-Ayerst Labs.*, 236 F. Supp. 2d 509, 511-12 (D. Md. 2002) ("Because it furthers the goals of judicial economy and consistency, the motion to remand will be stayed until the Judicial Panel on Multidistrict Litigation can rule on Wyeth's motion to transfer"); *Falgoust v. Microsoft Corp.,* 2000 U.S. Dist. LEXIS 5417 (E.D. La. 2000) (stay of consideration of remand motion was proper pending transfer to MDL); *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1053 (E.D. Wis. 2001) (granting stay motion despite jurisdictional challenge); *Boudreaux v. Metropolitan Life Ins. Co.*, 1995 WL 83788, *2 (E.D. La. 1995) ("Because the issue involved in this remand motion is likely to be common to transferred cases, the policies of efficiency and consistency of pre-trial rulings are furthered by a stay....").

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

SF1\393081\1     NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEEDINGS     CASE NO. CV-07-6328 JCS

1   diversity, that are common to other cases pending in the Avandia litigation and that will

2   continue to arise as the litigation progresses.  In *Bogard,* faced with the identical

3   scenario, the Northern District of California stayed all proceedings, including

4   determination of plaintiff's pending remand motion, until the case was transferred to the

5   Fosamax MDL.  The Court held:

> The issue of whether McKesson was fraudulently joined in
> order to destroy federal jurisdiction is identical to that posed
> in other Fosamax cases. . . . As the [*Morris v. Merck]* court
> and others have concluded, consideration of Plaintiffs' Motion
> to Remand and the issue of fraudulent joinder outside the
> JPML would foster "unnecessarily duplicative litigation, an
> inefficient use of judicial resources, and the risk of
> inconsistent results." . . . In the interests of judicial economy,
> the best results will be obtained by referring the case to [the
> Fosamax MDL] for resolution of this issue in coordinated
> pretrial proceedings.

*Bogard,* 2007 U.S. Dist. LEXIS at 12343 at *3 - *4, *citing Stempien v. Eli Lilly and Co.,*

2006 U.S. Dist. LEXIS 28408 at *4, 2006 WL 1214836, at *1 (N.D. Cal., May 4, 2006)

(discussing the potentially fraudulent joinder of McKesson in the Zyprexa litigation)

(additional citations omitted).

> 2.    Increased Efficiency of Pretrial Proceedings

Judicial economy will be further served by a stay of proceedings because of the

increased efficiency and coordinated pretrial case management available in the MDL

proceedings.  A district court should not waste time "familiarizing itself with the

intricacies of an action that will be coordinated for pretrial management before a

transferee judge."  *Rivers,* 980 F. Supp. at 1360; s*ee also Stempien*, 2006 U.S. Dist

LEXIS at *3 ("judicial economy warrants a stay in the proceedings until after the JPML

decides whether transfer is appropriate"); *Gorea v. Gillette Co.*, 2005 WL 2373440, at *1

(W.D. Tenn. 2005) ("a stay is warranted in this case . . . [because otherwise] the court

would have to use judicial resources in making rulings . . . in a case over which it might

ultimately lose jurisdiction.").  It was this concern that prompted a district court to note,

"[i]f the MDL motion is granted, all of the Court's time, energy and acquired knowledge regarding the action and its pretrial procedures will be wasted." *U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, 2002 WL 31114069, at *2 (N.D. Tex. 2002) (granting defendant's motion to stay).

As noted previously, all of Plaintiffs' claims against GSK share common questions of fact and law with the growing body of pending cases involving Avandia. These issues include Avandia's safety profile, its marketing, and the adequacy of the labeling for the product. In the MDL proceeding, Judge Rufe will necessarily be familiar with the facts and issues presented by this litigation, and is creating appropriate Case Management Orders to facilitate active management of discovery and pretrial proceedings with respect to these matters.

Accordingly, a stay of proceedings pending transfer of the claims against GSK to the MDL will ensure that efficiency is maximized and the efforts of the parties and the Court are neither undercut nor wasted on duplicative discovery and pretrial proceedings.

## B.    The Potential Prejudice to GSK from Denial of a Stay Far Outweighs Any Potential Prejudice to Plaintiff from Grant of a Stay

The analysis of judicial economy is often accompanied by a balancing of the relative hardships to each party in the event a stay is granted or denied. *See, e.g., Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1053 (E.D. Wis. 2001) (granting stay where defendant faced the same or similar jurisdictional issues on remand in eight other cases, because gains in judicial economy outweighed the burden of delay); *Tench v. Jackson Nat'l Life Ins. Co.*, 1999 WL 1044923, at *2 (N.D. Ill. 1999); *American Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762, at *1, *2 (E.D. Pa. 1992).

In this case, the prejudice to GSK absent a stay outweighs any perceived or potential prejudice to the Plaintiffs if a stay is granted. *See New Mexico State Inv. Council*, 317 B.R. at 446 (brief delay less prejudicial to the plaintiff than duplication of efforts by the defendant); *American Seafood*, 1992 WL 102762, at *2 ("The duplicative motion practice and discovery proceedings demonstrate that . . . prejudice to the

1    defendants weigh heavily in favor of a stay.").  As noted above, GSK should not be

2    forced to engage in unnecessary and duplicative discovery and motion practice or risk

3    inconsistent rulings on important jurisdictional issues.  *See Leeson*, U.S. Dist. LEXIS at

4    *15-16 (legitimate prejudice considerations against Merck, such as defending the same

5    motion repeatedly brought or being faced with a ruling inconsistent with the majority,

6    favor staying the action); *Wilbanks v. Merck & Co., Inc.*, 2005 WL 2234071, at *1 (W.D.

7    Tenn. 2005) (granting stay and noting that "in the absence of a stay, the risk to Merck of

8    duplicative motions and discovery is significant."); *Gorea*, 2005 WL 2372440, at *1

9    ("whereas without a stay [pending transfer to the MDL court], the burden on Gillette of

10   having to . . . engage in limited discovery . . . would be significant").

11          On the other hand, the potential prejudice to Plaintiffs if the action is stayed is

12   negligible.  Plaintiffs have expended limited resources to date, as this action is still in its

13   infancy, and discovery has not yet begun.  As other courts have noted, "even if a

14   temporary stay can be characterized as a delay prejudicial to plaintiffs, there are

15   considerations of judicial economy and hardship to defendants that are compelling

16   enough to warrant such a delay." *Egon v. Del-Val Fin. Corp.*, 1991 WL 13726, at *1

17   (D.N.J. 1991); *see also Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D.

18   Cal. 1998) (granting a stay where "a stay pending a final decision by the MDL Panel

19   would likely be brief").

20          In sum, a stay of proceedings will, on the whole, benefit the parties in this matter,

21   including the Plaintiffs, because of the increased efficiency and coordinated pretrial case

22   management that will be available in the MDL proceedings; in fact, "more time may well

23   be saved than was lost." *Rosenfeld v. Hartford Fire Ins. Co.*, 1988 WL 49065, at *2

24   (S.D.N.Y. 1988).

25   ///

26   ///

27   ///

28   ///

1

III.    <u>CONCLUSION</u>

2

Consistent with the practice the Northern District of California and other Courts

3

across the country in mass tort actions, this Court should grant GSK's motion to stay all

4

proceedings in this case pending transfer of the case to the Avandia MDL.

5

6
                                                        Respectfully submitted,

7
Dated: December 14, 2007                        DRINKER BIDDLE & REATH LLP

8
                                                        /S/
9                                                       DONALD F. ZIMMER, JR.
                                                        KRISTA L. COSNER
10
                                                        Attorneys for Defendants
11                                                      SMITHKLINE BEECHAM
                                                        CORPORATION d/b/a
12                                                      GLAXOSMITHKLINE and McKESSON
                                                        CORPORATION
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28